BERRETTA *v.* AMERICAN CASUALTY CO. OF READING, PA.

(*Jackson,* April Term, 1943.)

Opinion filed March 4, 1944.

Lowell W. Taylor, of Memphis, for plaintiff in error.

Exby & Moriarty, of Memphis, for defendant in error.

Mr. Justice Neil delivered the opinion of the Court.

This case was tried in the Circuit Court of Shelby County by the trial judge without the intervention of a jury. The suit was instituted by the plaintiff against the defendant to recover expenses incurred by her, including attorney's fees of $2500, in defending certain suits brought against her to recover damages resulting from the negligent operation of her car by Johnnie Berretta, her minor son. The defendant had previously issued to her a policy of insurance indemnifying her against such loss and damage. The suit is thus based upon this policy of insurance. Under the terms of the policy the defendant contracted to defend such suits and to pay any amount of damages that might be adjudged against her within the limits of the policy. The plaintiff notified the defendant of the pending suits and requested it to comply with the contract. It refused to do so on the ground that it was not obligated, due to the following provision of the policy:

"V. Exclusions. This Policy does not insure the Assured . . . (d) against loss of any kind resulting from the ownership, maintenance or use of any automobile . . . (7) by any person under the age limit fixed by law or local ordinance of the location where the automobile is being operated, or in any event under the age of fourteen years."

It was the contention of the defendant that at the time of the injury and damage incurred the plaintiff's son, Johnnie Berretta, was driving his mother's car and that he was under sixteen years of age and was violating an ordinance of the City of Memphis. The trial judge dismissed plaintiff's suit upon the ground that Johnnie Berretta was driving the car at the time of the accident and defendant was not obligated to defend the suits under

the express terms of the policy. A motion for a new trial was overruled and plaintiff appealed to the Court of Appeals. It was there assigned as error that the burden was upon the defendant to show that Johnnie Berretta was driving the car and that the learned trial judge had indulged in erroneous presumption to the effect that, since there was no direct evidence as to who was driving the car, it is presumed that Johnnie Berretta was at the wheel because it affirmatively appeared he was driving the car a short time before the accident. The Court of Appeals affirmed the trial judge. Petition for *certiorari* has been filed in this Court in which it is alleged that the Court of Appeals committed the same error as did the trial judge.

In order to clarify the only question raised in the assignment it is necessary to state the pertinent material facts of the case. It is conceded that the policy of insurance was in full force and effect and it is not controverted that Johnnie Berretta was under sixteen years of age when the accident occurred. It appears that several damage suits were brought against Mrs. Berretta growing out of this accident. The trial judge sustained motions for peremptory instructions in each of the cases upon the ground that the plaintiffs had failed to show that Johnnie Berretta was driving his mother's car at the time of the accident. What the evidence was in those cases is not shown in the instant case. In each of these damage suits the burden was upon the plaintiffs to show that plaintiff's son was driving the car. Now in the instant case the burden was upon the defendant to show that fact. There is no direct evidence in the instant case as to who was driving the automobile at the time of the accident. All the persons in the Berretta car were seri-

ously injured, two of them being killed, and no one could remember who was driving at the time. All four of the occupants were thrown out of the car at the time of the impact. Their memory was a complete blank as to what occurred for a period of time both before and after the accident. The record shows that on the evening of the accident Johnnie Berretta drove his mother and some children to her sister's about 7:30 p. m. and stated he would return for her about nine o'clock. He drove from there to the home of Clarence Lawo and picked him up; also to the home of two young girls, a Miss Swartz and Miss Ola Aldridge. Miss Swartz had a date with Clarence and Miss Aldridge a date with Johnnie. It appears that Johnnie Berretta remembered picking up his companions at their respective homes and remembered also that Clarence Lawo drove the car sometime that evening. It is certain that Johnnie was driving the car when he picked up the Lawo boy, and says he has no recollection of the latter taking the wheel at that time. Miss Swartz testified that a short time before the accident she was sitting in the back seat behind Johnnie who was then driving. The car was then going south on Dunlap Street near the water works. This street which runs north and south intersects Poplar Avenue. The accident occurred on Poplar Avenue. It is not clear as to how much time elapsed from the time Miss Swartz says Johnnie was driving and when the accident occurred. Both the trial judge and the Court of Appeals found from the evidence that Johnnie Berretta was driving the car a short time before the accident and since he was at the wheel at that time it would be presumed that he continued driving until the accident occurred. Able counsel for the plaintiff earnestly contends that it is error to indulge such a presumption.

Petitioner's counsel quotes from the opinion of the trial judge and the Court of Appeals and argues that the rule of law as to presumptions has no application in the instant case. The briefs of counsel for both petitioner and respondent are devoted largely to a discussion of the rule that, where a condition is once shown to exist, there is a presumption that it continues until the contrary is shown. It is contended that the "condition," often referred to in applying the rule, should not be applied to the operation of an automobile and it would be error to do so. It is further argued by way of illustration that it would be erroneous to presume that a car, shown to be driven at fifty miles per hour upon reaching the city limits of Nashville, would continue at that speed until it reaches a given point in the city. We readily agree that no such presumption could be indulged. In these circumstances the Court would indulge the presumption that the driver, upon reaching the city limits, would comply with the traffic laws of the city and slow down.

██ We are here confronted with the probative value of certain facts, whether the proven facts justify legal presumption, or a certain definite conclusion. The courts have propounded many definitions of a presumption in attempts to describe its basic characteristic. In 20 Am. Jur., Evidence, Sec. 158, p. 162, after discussing what is called "the genesis of any presumptive concept," it is said:

"But, in any event, presumptions must always conform to the commonly accepted experiences of mankind and the inferences which reasonable men would draw from such experiences."

Continuing, the same author says, on p. 165:

"The view has been expressed that presumptions of

law derive their force from the law of the jurisdiction, not from logic or probability; whereas 'a presumption of fact,' so-called, is not a presumption at all, but a mere inference.''

''Presumptions of fact,'' says Greenleaf, ''differ from presumptions of law. Natural presumptions are derived wholly or directly from the circumstances of the particular case, by means of the common experience of mankind, without the aid or control of any rule of law whatever.'' 1 Greenleaf on Evidence, Secs. 44, 45. See *Elliott* v. *Williamson*, 79 Tenn., 38. In *Marquet* v. *Aetna Life Insurance Co.*, 128 Tenn., 213, 225, 159 S. W., 733, 736, L. R. A., 1915B, 749, Ann. Cas. 1915B, 677, the Court makes the following statement:

''A presumption is only a name for a conclusion reached by means of the weight of proven circumstances.''

We think the determinative question before us is whether or not there is any evidence to support the judgment of the trial judge. Counsel for petitioner, taking notice of this question, says, however, it must be based upon a presumption arising from the testimony of John Berretta and Miss Swartz. Now it is true the trial judge expressed the opinion that there was a presumption that Johnnie Berretta was driving the car because he was driving it a very short time before the accident, as testified to by Miss Swartz. He could have said, and it would have meant exactly the same thing, ''It is reasonable for me to reach the conclusion that he was driving, based upon the facts and not upon any presumption of law. As was said in *Marquet* v. *Aetna Life Insurance Co.*, *supra*, 'a presumption is only a name for a conclusion,' '' etc. We think, whether we call it a presumption or a conclusion, his decision was founded upon the

common experiences of man, "without the aid or control of any rule of law." Greenleaf, *supra*. He found as a fact, and could not have found otherwise, that Johnnie Berretta was driving his mother's car a short while before the accident and not far from where it occurred, and it was reasonable to conclude that he was at the wheel when the accident did occur.

It is earnestly insisted by petitioner that the trial judge granted defendant's motion for a directed verdict in the damage suits on the ground that there was no evidence that Johnnie was driving the car; whereas, the same judge held in the instant case that the facts warrant a different conclusion. We cannot be governed in our decision of the question before us by what occurred upon the trial of the damage suits against Mrs. Berretta. The trial judge may have been in error in ruling upon defendant's motion for a directed verdict. While it does present somewhat of an anomaly, we must agree with the following statement in the Court of Appeals' opinion: "We are unable to attach any significance to this feature of the controversy for the reason, among others, that we cannot presume that the evidence was the same in both cases, to say nothing of the fact that the parties were different." We not only find some evidence to support the judgment of the trial judge, which was affirmed by the Court of Appeals, but the conclusion reached is a reasonable and fair deduction to be drawn from the proven facts. A writ is accordingly denied.